UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>T&V INVESTMENT, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-09162-JST<br><br>**ORDER DENYING MOTION FOR ADMINISTRATIVE RELIEF; ORDER TO SHOW CAUSE; ORDER SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF No. 19 |

Plaintiff Scott Johnson has filed a motion for administrative relief requesting that the Court order Defendants to provide three available dates for a joint site inspection, and to extend the joint site inspection deadline to April 22, 2022. ECF No. 19. The motion is denied for the following reasons: First, the supporting documentation includes email correspondence sent by Johnson's counsel's firm to bbhannam2@outlook.com, which purportedly is the email address for Defendant Chinh Do. However, the record does not demonstrate that the email address belongs to Do. Second, the record does not reflect that the complaint has been served on Do. To the contrary, the only proof of service to have been filed indicates service only on Defendant T&V Investment, Inc. ECF No. 16 at 1. This is despite the Court's previously ordering Johnson to show cause as to why sanctions should not be imposed for his failure to serve the complaint within 60 days of filing.[1] ECF No. 15.

Johnson is ordered to show cause as to why the case should not be dismissed as to Defendant Do for lack of timely service. *See* Fed. R. Civ. P. 4(m). Johnson is also ordered to

---

[1] Counsel's response to the order to show cause mistakenly refers to a single "Defendant," ECF No. 17 ¶¶ 2, 8, 10, 11; *but see id.* ¶ 3 (referring to "Defendants"), whereas the complaint names both Do and T&V Investment, Inc. as Defendants, ECF No. 1 ¶¶ 2-5.

show cause as to why sanctions should not be imposed for failure to comply with the Court's orders. *See* Civil L.R. 1-4; *Wang v. Nev. Sys. of Higher Educ.*, No. 3:18-cv-00075-MMD-CLB, 2022 WL 95428, at *4 (D. Nev. Jan. 10, 2022) ("Federal courts have the inherent power to punish conduct which abuses the judicial process, including accessing attorneys' fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). The Court notes that it has frequently been required to address Plaintiff's, and Plaintiff's counsel's, failure to comply with the Court's deadlines. *See Johnson v. Silvercreek Yuba I, LLC*, Case No. 21-cv-05907; *Johnson v. Gamba*, Case No. 21-cv-06708; *Whitaker v. Sugarman*, Case No. 4:21-cv-07308; *Johnson v. T&V Investment, Inc.*, Case No. 21-cv-09162.

A written show cause response is due by May 24, 2022. The Court will conduct a show cause hearing on June 7, 2022, at 2:00 p.m.

The matter is set for a case management conference at the same time.

**IT IS SO ORDERED.**

Dated: April 4, 2022



JON S. TIGAR
United States District Judge